IN MAGISTRATE COURT OF CLAYTON COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| CIRRUS AEROSPACE, INC., | ) | |
| | ) | CIVIL ACTION FILE NO. |
| Plaintiff, | ) | |
| | ) | 2008CM02505 |
| v. | ) | |
| | ) | |
| | ) | |
| AVIA DYNAMICS, INC., | ) | |
| | ) | |
| Defendant., | ) | |
| | ) | |

## DEFENDANT AVIA-DYNAMICS, INC.'S MOTION TO DISMISS FOR LACK OF

## PERSONAL JURISDICTION

### I.

### STATEMENT OF FACTS

This case arises out of a dispute over products sold by plaintiff, Cirrus Aerospace, Inc. ("Cirrus") to defendant, Avia-Dynamics Inc. ("Avia"). Avia is a California corporation with its principal place of business in the City of Camarillo, County of Ventura, State of California. Cirrus is a Nevada corporation with its principal place of business in Clayton County, Georgia. **(See Affidavit of Gary Szerman ("Szerman Aff."), ¶ 2, attached hereto as Exhibit "A").**

In December 2006, Avia transmitted to Cirrus its Purchase Order No. 027270 **("the Purchase Order" attached hereto as Exhibit "B")** by which Avia ordered fifty (50) Eaton Switches from Cirrus at a price of $210.00 per unit. The deadline by which the switches were to be delivered to Avia was December 11, 2006. (See Szerman Aff., ¶ 3). The Purchase Order required that the switches be in "new surplus" condition and were subject to Avia's receiving


kwiktag ®     070 236 930

inspection. Id. "New surplus" condition means parts that have never been installed, but lack traceability documents. Id.

Upon receipt of the switches, Avia conducted its usual receiving inspection and discovered multiple defects in the switches, including: (1) missing terminals on three pieces; and (2) corrosion on ten pieces. On December 18, 2006, Avia notified Cirrus via letter **(attached hereto as Exhibit "C")** of the failed inspection and issued Cirrus a "Receiving Discrepancy Notification". (See Szerman Aff., ¶ 4). On January 10, 2007, Avia notified Cirrus **(letter attached hereto as Exhibit "D")** that the contract was cancelled and that it had stopped payment on the C.O.D. check it issued upon delivery of the switches. (See Szerman Aff., ¶ 5). On March 8, 2007, Cirrus notified Avia **(letter attached hereto as Exhibit "E")** that it refused to accept the return of the fifty switches. (See Szerman Aff., ¶ 6).

As a result of the failure of the switches to pass inspection, Avia's customer for whom it was acquiring the switches, cancelled its contract and informed Avia it would place no future orders. (See Szerman Aff., ¶ 7). The Cirrus switches have been stored and remain in quarantine at Avia's facility in Camarillo, California. (See Szerman Aff., ¶ 8).

No employee or agent of Avia visited Georgia in connection with the Cirrus contract. Avia has no facilities in Georgia. Avia does not own, use, or possess any real property in Georgia. Avia does not derive a substantial amount of its income from Georgia. (See Szerman Aff., ¶ 9).

## II.

## ARGUMENT

### A.    *Standard on Motion to Dismiss for Lack of Personal Jurisdiction.*

Georgia's Long Arm Statute states that its courts may exercise personal jurisdiction over any nonresident as if it were a resident, if in person or through an agent he:

"(1) Transacts any business within this state;

(2) Commits a tortious act or omission within this state, except as to a cause of action for defamation of character arising from the act;

(3) Commits a tortious injury in this state caused by an act or omission outside this state if the tort-feasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

(4) Owns, uses, or possesses any real property situated within this state; or

(5) With respect to proceedings for alimony, child support, or division of property in connection with an action for divorce or with respect to an independent action for support of dependents, maintains a matrimonial domicile in this state at the time of the commencement of this action or, if the defendant resided in this state preceding the commencement of the action, whether cohabiting during that time or not. This paragraph shall not change the residency requirement for filing an action for divorce."

O.C.G.A. § 9-10-91; Mayacamas Corp. v. Gulfstream Aerospace Corp., 190 Ga. App. 892, 893, 380 S.E.2d 303 (1989). On a motion to dismiss for lack of personal jurisdiction, a "[d]efendant bears the onus of proving lack of personal jurisdiction." Id.

In this case, because Avia does not own, use, or possess any real property in Georgia, the only potentially applicable category is transacting business within Georgia. That has been

interpreted to mean that "purposeful acts" must have been performed by the defendant to tie it to the State, and "[m]ere telephone or mail contact with an out-of-state defendant, or even the defendant's visits to this state, is insufficient to establish the purposeful activity with Georgia required by the 'Long Arm' statute. [Citations omitted.]" Wise v. State Board, etc., of Architects, 247 Ga. 206(2), 274 S.E.2d 544 (1981); See also Commercial Food Specialties v. Quality Food Equip. Co., 176 Ga.App. 892, 338 S.E.2d 865 (1985); Capital Assoc. v. Gallopade Enterprises Intl., 172 Ga. App. 504, 323 S.E.2d 842 (1984).

The United States Supreme Court has held that an individual's contract with an out-of-state party alone cannot automatically establish sufficient minimum contacts in the other party's home forum, and that the contract is "'ordinarily but an intermediate step serving to tie up prior business negotiations with future consequences which themselves are the real object of the business transaction.' [Citations omitted.] It is these factors-prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing-that must be evaluated in determining whether the defendant purposefully established minimum contacts within the forum." Mayacamas Corp., 190 Ga. App. at 893; Burger King Corp. v. Rudzewicz, 471 U.S. 462, 479, 105 S.Ct. 2174, 2185, 85 L.Ed.2d 528 (1985).

**B.**     ***Avia's contacts with Georgia are not sufficient to constitute "minimum contacts" and this Court should dismiss this Complaint for lack of personal jurisdiction.***

In Mayacamas Corp. v. Gulfstream Aerospace Corp., 190 Ga. App. 892, 380 S.E.2d 303 (1989), Mayacamas Corp., a California corporation, contracted to purchase an aircraft from Gulfstream, a Georgia corporation with headquarters in Savannah. The aircraft had not

been constructed at the time of the agreement, but Mayacamas, relying on certain representations allegedly made to it by Gulfstream representatives, entered into the contract and made a payment as scheduled based on assurances that it would receive one of the first several aircraft produced. When Mayacamas allegedly discovered that it had been misled by Gulfstream's agents, it refused to make further payments and attempted to rescind the contract. Using Georgia's Long Arm Statute, Gulfstream filed suit in Savannah against Mayacamas for breach of contract. Mayacamas moved to dismiss the case for lack of personal jurisdiction. Id. at 892.

On appeal, the Court found that the minimum contacts sufficient to link Mayacamas with Georgia in order that a court might exercise personal jurisdiction over Mayacamas did not exist. Id. at 894. "Basically, all that existed were the out-of-state negotiations that led to the signing of the contract and the contract itself, which the Supreme Court in Burger King indicated was not sufficient to meet the minimum contacts requirement." Id.

The Court contrasted Prosser v. Hancock Bus Sales, 181 Ga. App. 642, 353 S.E.2d 529 (1987), as an example of the types of forum contacts that would support personal jurisdiction. In that case, personal jurisdiction was found to exist over the out-of-state buyer of buses who came to Georgia to inspect and accept or reject the merchandise and to deliver payment thereof at that time. The court in that case found that because those activities were clearly important to the performance of that contract, the exercise of jurisdiction over the defendant was justified. Id.

Similarly, in Beverage Management Solutions, Inc. v. Yankee Spirits, Inc., 218 Ga. App. 95, 460 S.E.2d 564 (1995), a Georgia corporation entered into a contract with a Massachusetts corporation to sell it a beverage management system to be used in

Massachusetts. The companies exchanged written signatures on an agreement. The Georgia corporation sent materials and product to Massachusetts. No representative of the Massachusetts company ever visited Georgia in connection with the business relationship. Problems developed and the Massachusetts company cancelled the contract. The Georgia company sued in Georgia and the Massachusetts company filed a motion to dismiss for lack of personal jurisdiction. Id. at 95-96. In ruling on the motion to dismiss, the Court noted that "there were out-of-state negotiations which led to the signing of an agreement. But that agreement alone is not sufficient to meet the minimum contacts requirement. Nor does the mere return of the acknowledgment of assignment to Georgia by mail meet the requirement." Id. at 97.

It is well settled in Georgia that entering into a contract by transmitted purchase orders are not sufficient minimum contacts to support personal jurisdiction over the defendant. See ETS Payphone, Inc. v. TK Industries, 236 Ga. App. 713, 715, 513 S.E.2d 257 (1999); Beverage Mgmt. Solutions v. Yankee Spirits, 218 Ga. App. 95(1), 460 S.E.2d 564 (1995) (out-of-state negotiations which led to a signed contract were insufficient to establish purposeful activity); Commercial Food Specialties v. Quality Food Equip. Co., 176 Ga. App. 892, 338 S.E.2d 865 (1985) (no personal jurisdiction where the contact was based solely on telephone and mail communications); O.N. Jonas Co. v. B & P Sales Corp., 232 Ga. 256, 206 S.E.2d 437 (1974) (defendant had not transacted any business within the state where transaction based on phone and mail orders).

In this case, Cirrus, a company based in Georgia, entered into a contract with Avia, a California corporation, to supply it with certain switches for use in the airline industry. No Avia employee visited Georgia for any purpose related to that contract. The parties exchanged

the order and invoice by mail or fax. The parts were shipped to California and deemed defective by Avia in California. Avia cancelled the contract by fax. Avia does not regularly conduct business in Georgia, derive substantial income from services rendered in Georgia, or engage in a persistent course of conduct within Georgia. Avia does not own, use, or possess any real property in Georgia. As in <u>Mayacamas Corp.</u> and <u>Beverage Management</u>, Avia engaged in no activity that constitutes "purposeful acts" sufficient to constitute minimum contacts necessary for personal jurisdiction in Georgia. Accordingly, there is no basis for this Court to exercise personal jurisdiction over Avia in this case and the Court should grant this motion in its entirety.

### III.

### CONCLUSION

Avia respectfully requests the Court enter an order dismissing Plaintiff's complaint for lack of personal jurisdiction.

Respectfully submitted, this ____ day of July, 2008.

WINSTON A. DENMARK
Georgia Bar No. 211751
L'ERIN F. BARNES
Georgia Bar No. 141797

FINCHER, DENMARK & WILLIAMS, LLC
2262 Mount Zion Rd.
Jonesboro, GA 30236
(770) 478-9950 main line
(770) 471-9948 fax

IN MAGISTRATE COURT OF CLAYTON COUNTY

STATE OF GEORGIA

| | |
|---|---|
| CIRRUS AEROSPACE, INC.,     ) | CIVIL ACTION FILE NO. |
|       Plaintiff,     ) | 2008CM02505 |
|    v.     ) | |
| AVIA DYNAMICS, INC.,     ) | |
|       Defendant.,     ) | |

### CERTIFICATE OF SERVICE

I hereby certify that I have this day served a true and correct copy of the foregoing **Defendant Avia-Dynamics, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction** upon the Plaintiff herein by depositing a true and correct copy with valid postage in the U.S. Mail for delivery upon the Plaintiff's attorney as follows:

Michael P. Kohler, Esq.
Miller & Martin, PLLC
1170 Peachtree Street NE
Suite 800
Atlanta, GA 30309-7706

Respectfully submitted, this 18th day of July, 2008.

L'ERIN F. BARNES

8